LAW OFFICES OF DAVID WOLFF LLC
**Attorneys for Trustee**
**396 Route 34**
**Matawan, NJ 07747**
**(732) 566-1189**
**DW/1993**

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEW JERSEY(TRENTON)

| | |
|---|---|
| **In the Matter of:**<br><br>**JAMECO INTERNATIONAL, LLC,**<br><br>    Debtor. | Bank. Case No.  08-34680/KCF<br><br>Chapter 7 Proceeding<br><br>Hon.  Kathryn C. Ferguson |
| **PEGGY E. STALFORD, CHAPTER 7 TRUSTEE,**<br><br>    Plaintiff,<br><br>    v.<br><br>**APEX LOGISTICS INC.; CHASON SALES; HENNAN AND ASSOCIATES; KJH ASSOCIATES; NEW PAK INC.,**<br><br>    Defendants. | Adv.  Proc.  No.  11-<br><br>**ADVERSARY COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550** |

Plaintiff, Peggy E. Stalford, Chapter 7 Trustee ("Plaintiff" or "Trustee") of the estate of Jameco International, LLC ("Debtor" or "Jameco"), by and through her counsel Law Offices of David Wolff LLC, by way of Complaint against Apex Logistics Inc., Chason Sales, Hennan and Associates, KJH Associates, and New Pak Inc. (collectively, the "Defendants") to avoid and

recover preferential transfers, states:

GENERAL ALLEGATIONS

  A.  <u>Background and Parties</u>

  1.  On December 11, 2008 ("Petition Date"), Compania Columbiana de Ceramica, S.A. ("Petitioning Creditor") filed an involuntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code") with the United States Bankruptcy Court for the District of New Jersey ("Court"), commencing a bankruptcy case against the Debtor.

  2.  On March 10, 2009, the Court entered an Order granting entry of an order for relief against Jameco.

  3.  On March 13, 2009, the Court entered an Order, <u>inter alia</u>, (i) denying Debtor's motion to dismiss petition and (ii) granting Petitioning Creditor's motion for abstention by suspending further proceedings. This latter relief allowed the Petitioning Creditor to seek its recourse, while protecting the Petition Date and preference period for the benefit of all creditors.

  4.  On August 2, 2010, the Court entered an Order that partially vacated the Court's March 13, 2009 Order that had suspended proceedings in the case, and further directed the Office of the United States Trustee ("U.S. Trustee") to appoint a Chapter 7 Trustee in the case.

  5.  On August 3, 2010, the U.S. Trustee appointed the Trustee as the Chapter 7 Trustee in the Debtor's bankruptcy case.

  6.  The Debtor is a New Jersey corporation which maintained an address at 750 Airport Road, Lakewood, New Jersey 08701.

  7.  Apex Logistics Inc. is a corporation which maintains addresses at a) 212

Blackhorse Lane, North Brunswick, New Jersey 08902 and b) P. O. Box 6031, Elizabeth, New Jersey 07207-6031.

8. Chason Sales is a business entity which maintains an address at 9 Chipmunk Trail, Pittsford, New York 14534.

9. Hennan and Associates is a business entity which maintains an address at P. O. Box 1449, Quinlan, Texas 75474.

10. KJH Associates is a business entity which maintains an address at 28 Dix Lane, Lawrenceville, New Jersey 08648.

11. New Pak Inc. is a corporation which maintains an address at 3614 Kennedy Road, South Plainfield, New Jersey 07080-1802.

B. <u>Jurisdiction and Venue</u>

12. This is an adversary proceeding seeking to avoid and recover preferential transfers pursuant to 11 U.S.C. §§ 547 and 550.

13. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

14. This adversary proceeding has been brought in accordance with Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

15. Venue properly lies in this Court pursuant to 28 U.S.C. § 1409(a).

16. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (F) and (O).

## COUNT I
## AVOIDANCE OF PREFERENTIAL TRANSFERS

17. The Trustee repeats and realleges the allegations of paragraphs 1 through 16 as if fully set forth herein.

18. During the ninety (90) days prior to the Petition Date, and before, the Debtor was insolvent.

19. During the Preference Period, the Debtor made aggregate payment(s) to **Apex Logistics Inc.** totaling $9,200.00.

20. During the Preference Period, the Debtor made aggregate payment(s) to **Chason Sales** totaling $5,580.00.

21. During the Preference Period, the Debtor made aggregate payment(s) to **Hennan and Associates** totaling $5,732.00.

22. During the Preference Period, the Debtor made aggregate payment(s) to **KJH Associates** totaling $5,660.00.

23. During the Preference Period, the Debtor made aggregate payment(s) to **New Pak Inc.** totaling $5,860.25.

24. At all relevant times, each Defendant was a creditor of the Debtor.

25. The payments that the Debtor made to each of the Defendants constitute a transfer of an interest of the Debtor in property to or for the benefit of that Defendant or another creditor of the Debtor.

26. The Debtor made the payments to each of the Defendants for or on account of a debt which the Debtor owed to Defendant or another creditor before the payments were made.

27. Unless the Trustee succeeds in the claims contained in this Complaint, the Trustee will not have sufficient assets to repay the claims of unsecured creditors which, according to the Debtor's filed schedules, total $5,441,648.86.

28. The payments made to each Defendant allowed that Defendant to receive more than it would have received in this case if (a) the transfers had not been made; and (b) the Defendant or other creditor for whose benefit the payments were made received payment of its claims against the Debtor to the extent provided by the provisions of the Bankruptcy Code.

29. As a result of the foregoing, the payments that the Debtor made to each of the Defendants constitute preferential transfers that are avoidable and are recoverable by the Trustee pursuant to Bankruptcy Code §§ 547(b) and 550.

WHEREFORE, the Trustee requests the entry of a judgment against each Defendant as follows:

(i) Avoiding the Debtor's transfers of the payments to each of the Defendants;

(ii) Directing each Defendant to immediately pay to the Trustee the amount of the payments it received during the Preference Period, together with pre-judgment and post-judgment interest thereon;

(iii) Awarding to the Trustee her costs, expenses and reasonable attorneys' fees; and

(iv) Granting such other and further relief as the Court may deem just, proper and equitable.

## COUNT II
## RECOVERY OF PREFERENTIAL TRANSFERS

30. The Trustee repeats and realleges the allegations of paragraphs 1 through 29 as if fully set forth herein.

31. Upon information and belief, each of the Defendants was the initial transferee of the payments it received, the entity for whose benefit those payments were made or a beneficial transferee of those payments.

32. Pursuant to Bankruptcy Code § 550, the Trustee is entitled to recover from each Defendant the payments made to that Defendant, together with pre-judgment and post-judgment interest thereon at the maximum legal rate from the date that each of the payments was made to the Defendant.

WHEREFORE, the Trustee requests the entry of a judgment against Defendants as follows:

(i) Avoiding the Debtor's transfers of the payments to each of the Defendants;

(ii) Directing each Defendant to immediately pay to the Trustee the amount of the payments it received during the Preference Period, together with pre-judgment and post-judgment interest thereon;

(iii) Awarding to the Trustee her costs, expenses and reasonable attorneys' fees; and

(iv) Granting such other and further relief as the Court may deem just, proper and equitable.

LAW OFFICES OF DAVID WOLFF LLC
Attorneys for Trustee

By: /s/ David Wolff
David Wolff
A Member of the Firm

DATED: March 2, 2011
Matawan, New Jersey